**\*\* E-filed September 23, 2009 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CHARCOAL COMPANION, INC.,

    Plaintiff,

v.

TARGET CORPORATION, a Minnesota corporation, and NATIONAL BROOM COMPANY OF CALIFORNIA, INC., dba JLR GEAR,

    Defendants.

No. C09-01417 HRL

**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND**

**[Re: Docket No. 24]**

    Plaintiff Charcoal Companion, Inc. ("Charcoal") sells meat thermometers under the "STEAK BUTTON" and "Charcoal Companion" registered trademarks. Charcoal alleges that defendant Target Corporation sold defective and counterfeit "STEAK BUTTON" meat thermometers as bonus items in a barbeque tool set supplied by defendant National Broom Company of California, Inc., dba JLR Gear. Plaintiff sued defendants for violations of federal and state trademark laws in April 2009, and defendants filed an answer the next month. Defendants now move for leave to amend their answer and plaintiff opposes the motion. Pursuant to Civil Local Rule 7-1(b), the court finds the matter suitable for determination without oral argument, and the September 29, 2009 hearing is vacated.

///

///

**LEGAL STANDARD**

The Federal Rules of Civil Procedure provide that a court may grant a party leave to amend its pleading and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, courts apply the policy of this rule with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). However, a court may exercise its discretion to deny leave if the amendment "(1) prejudices the opposing party, (2) is sought in bad faith, (3) produces an undue delay in litigation, or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). The opposing party has the burden of showing why the court should deny the amendment. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

**DISCUSSION**

The defendants move to amend their answer to add the affirmative defenses of genericness and fair use and to make minor corrections. They say that after they filed their answer in early May 2009, their counsel continued to investigate Charcoal's claims to prepare for a meeting with opposing counsel in late June. Defendants' counsel asserts that he concluded defendants could raise these affirmative defenses in good faith and that doing so would not be futile. He claims that he then asked Charcoal to stipulate to the amendment at the June meeting, but that Charcoal did not deny the request outright until the August initial Case Management Conference. Defendants further assert that the amendment will not prejudice Charcoal or cause undue delay in the litigation because no discovery has occurred and because there will be no need to alter this court's scheduling order. (Mot. 3, 5; Reply 2–3.)

When a court considers whether to grant leave to amend, "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In the absence of prejudice, there must be a "strong showing" of any of the other factors to overcome the presumption to grant leave to amend. *Id.* Charcoal's only mention of prejudice in its opposition (outside of a heading) is its suggestion that the amendment would prolong discovery and make the lawsuit more expensive. Yet litigation expenses alone do not equal

///

2

**United States District Court**
For the Northern District of California

1   prejudice in this context.  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.

2   2001).

3         Instead, Charcoal primarily argues that defendants waited too long to amend their answer.

4   It urges this court to deny leave to amend if defendants knew that these affirmative defenses were

5   available when they filed their answer.  *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465

6   F.3d 946, 953 (9th Cir. 2006).  Relying on *AmerisourceBergen*, Charcoal claims that defendants

7   were aware of the defenses early on because it notified them of the claims even before it filed its

8   complaint and because defendants' counsel "from the beginning" treated the "steak button" term as

9   generic.[1]  (Opp'n 3–4.)  Charcoal argues that as a result, defendants have not offered any facts or a

10   "credible explanation" for why it did not include these affirmative defenses in the original answer,

11   especially considering that it allowed defendants two extra weeks to file that answer.  (Opp'n 6.)

12         Defendants filed their motion for leave to amend three months after they filed their original

13   answer.  Yet even if the defendants had knowledge of facts supporting the affirmative defenses

14   shortly before plaintiff filed its complaint, that would only increase the delay to approximately five

15   months.  This five-month period is significantly less than the fifteen-month period the

16   *AmerisourceBergen* court found was too lengthy to support an amendment under the facts of that

17   case.  *AmerisourceBergen*, 465 F.3d at 953.  Furthermore, Charcoal admits that it has known about

18   defendants' assertion of these affirmative defenses since late June when they requested that it

19   stipulate to the amendment.  (Opp'n 4.)  The court is thus not convinced that the amendment will

20   cause undue delay in this litigation or otherwise cause this court to extend the current January 2010

21   discovery cutoff and April 2010 trial dates.

22         Charcoal also asserts that the defendants have brought the amendment in bad faith in an

23   attempt to avoid a potentially large statutory damage award for counterfeiting, and are consequently

24   "hiding the ball" about their defenses.  (Opp'n 7–8.)  It says that the defendants' initial disclosures

25   only offered vague, "secret evidence."  (*Id.*)  However, the defendants' initial disclosures indicate

26   support for the defenses from "[v]arious publicly available documents," available from defendants'

27

28   [1] The defendants made several objections to evidence contained in plaintiff's supportive declaration
concerning this subject.  However, the court finds that the statements are relevant for the purposes of
this motion and also fall within a permitted use, *see* Fed. R. Evid. 408.

3

1 counsel, showing the commonality of the term "steak button" and the use of the term "charcoal
2 companion." (Beeson Decl. Ex. E at 2–3.)  This categorization and identification is sufficient for
3 purposes of initial disclosure, as it provides enough information for Charcoal to request the
4 documents through the discovery process. *See* Fed. R. Civ. P. 26(a) & advisory committee notes,
5 1993 amend. (elucidating the standard for initial disclosures).  The court is therefore unpersuaded
6 that defendants have sought this amendment in bad faith.

Finally, Charcoal argues that the proposed amendment is futile because even if the affirmative defenses were to succeed, defendants would still be liable for counterfeiting.  A court considers whether an amendment is futile using the same standard as a motion to dismiss.[2] *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Charcoal claims that establishing genericness is "extremely difficult" and "improbable in this case." (Opp'n 8.)  Yet the determination of "whether a term is generic is a question of fact" and is not appropriate at this stage of the case. *McZeal v. Spring Nextel Corp.*, 501 F.3d 1354, 1358 (Fed. Cir. 2007) (vacating a determination of genericness at the motion-to-dismiss stage as being "premature[]").  Furthermore, the court cannot say, based on the facts presented in this motion, that defendants' affirmative defenses are implausible or that their liability for counterfeiting is inevitable.  As a result, Charcoal has not shown that the amendment is futile and has accordingly failed to overcome the presumption favoring leave to amend.

## CONCLUSION

Based on the foregoing, defendants' motion for leave to amend is GRANTED.  Defendants shall file their amended answer as a separate docket entry within five days of this order.

**IT IS SO ORDERED.**

Dated: September 23, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants argue that the amendment is futile only if "no set of facts" could support the amendment, citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997).  However, the United States Supreme Court retired this standard for motions to dismiss in recent years and instituted a new "plausibility" standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562–64 (2007); *Ashcroft v. Iqbal*, --- U.S. ----,129 S. Ct. 1937, 1944 (2009).

4

**C 09-01417 Notice will be electronically mailed to:**

| | |
|---|---|
| Brian Beverly | bbeverly@bsbllp.com |
| Donald L. Beeson | dbeeson@intprolaw.com |
| John Stuart Claassen | john@claassenlegal.com |
| Malavika P Sahai | msahai@bsbllp.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**